FRAIM and another *v.* SHARON VALLEY MALLEABLE & GRAY IRON Co. and others.[1]

*(Circuit Court D. Connecticut.    May 14, 1886.*

PATENTS FOR INVENTIONS—SCANDINAVIAN PADLOCKS.

Motion for preliminary injunction to restrain the alleged violation of reissued letters patent No. 10,272, of January 16, 1883, to Fraim & Fraim, Scandinavian padlock, denied; the question of infringement of the first two claims not being clear, and there being much doubt whether the third claim can be sustained in its present form.

In Equity.
*Joseph C. Fraley,* for plaintiff.
*Charles E. Mitchell,* for defendant.

SHIPMAN, J.    This is a motion for a preliminary injunction against the infringement of reissued letters patent No. 10,272, applied for June 28, 1882, and issued January 16, 1883, to the complainants, for an improvement in Scandinavian padlocks.    The original patent was dated April 26, 1881.    The objects of the improvements were— "*First,* to steady the upper end of the key in the case while turning tumblers; and, *second,* to prevent the shifting of the tumblers from their places on the stationary plates."

The inventor said, in explanation of the first part of his invention, in his affidavit in the present case, as follows:

"In the old style of lock it was not practicable to cast the seat or bearing for the end of the key in the shell itself, and the seat consequently had to be drilled in the shell of the lock at the bottom of a deep cavity which rendered it difficult to strike the center, and support the drill properly while at work. Thus many shells were spoiled, and even when the drilling was successful.

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

the cost of labor was considerable. To meet this, I devised the removable top plate, which forms the subject of the first and second claims of the patent, and which can readily be cast in its complete form, requires no drilling, and must always drop accurately into position."

The improvement consisted in a stationary plate next to the inner top surface of the case, having a circular opening to receive the end of the key; one face of the plate being flat, and the other concave. The concave side is toward the top of the case, and thus the end of the key has a bearing in the plate instead of in the case.

The single claim of the original patent was as follows:

"The plate, R, with a circular opening, $a$, in the center, and having one face flat, and the other concave, in combination with the case, A, having ribs, I, and the end, $m$, of the key, for the purpose of receiving and holding the key in place."

The three claims of the reissue are as follows:

"(1) The top plate, forming the upper tumbler bearing, and provided with an opening arranged to form a bearing for the end of the key, substantially as and for the purpose set forth.

"(2) A plate removably secured in the upper portion of the lock-case, and provided with a central opening for the reception of the end of the key for the purpose of steadying the same; the lower face of the said plate being smooth, so as to form a bearing surface for the tumbler situated below the same, while the upper face thereof is adapted to have a limited bearing against the inner top of the case, for the purpose set forth.

"(3) The combination, with the case and the series of removable plates secured in a stationary manner within the case,—said stationary plates being provided with key-holes, and curved guides or flanges encircling the key-holes, —of the rotary tumblers provided with key-holes adapted to be turned to register with those in the stationary plates, and constructed to fit within the curved guides or flanges on the latter, the staple, and a removable key, substantially as set forth."

The top plate of the defendants' lock has a central opening for the end of the key and is flat upon both sides. The top of the shell is provided with a raised arm, which keeps the center of the plate sufficiently far off from the shell to allow the end of the key to go freely through the hole.

In the plaintiffs' lock the concavity is in the plate, while in the defendant's lock the concavity is cast upon the inside of the shell. The peculiarity of the complainants' lock, so far as the first two claims are concerned, is the concavity which enables the end of the key to have a bearing for flat plates, with holes for the reception of the key, existed in the Romer patent of 1879. The complainants insist that it is immaterial whether the plate is raised above the surface of the shell by means of its own concave face, or by means of a concavity which is caused by an arm or a ring cast upon the inside of the shell. The defendants contend that, in view of the narrow character of the invention and of the original patent, the first and second claims of the reissue are to be construed to be for a concave plate in which the concavity is caused by the manner in which the plate is constructed, and cannot be for a plate so raised, by any means, above the surface

of the shell that the key shall have a bearing in the hole in the plate.

The defendants have no point of sufficient importance to compel a denial of the motion for an injunction, so far as the first two claims are concerned. The claim in the original application, which corresponded with the third claim of the reissue, was erased and was abandoned by the patentee, upon objection thereto by the patent office. There is therefore so much doubt whether the third claim can be sustained in its present form that no injunction should be issued against its infringment.

The complainants rely upon a decision of the circuit court for the Eastern district of Pennsylvania, in which the reissued patent was sustained; but in that case the validity of the reissue, as a reissue, was not denied, and the infringing device was a copy of the complainants' lock. The two important questions in this case were not involved in the Pennsylvania case.

The motion is denied.